*Shontel Hunter v. Broadway Overlook*, No. 61, September Term, 2017. Opinion by Greene, J.

**REAL PROPERTY ARTICLE — SECTION 8-402.1 — NOTICE REQUIREMENT**

The Court of Appeals held that § 8-402.1(a)(1)(i) of the Real Property Article of the Maryland Code provides that before a landlord may file a breach of lease action, the tenant must breach the lease, the notice requirement must expire, and the tenant must refuse to comply with the notice to vacate.  The Court of Appeals held that a "Notice to Vacate" that failed to comply with the terms of the lease could not be subsequently cured by the Landlord's Complaint for breach of lease.

Circuit Court for Baltimore City
Case No. 24-C-17-003110

IN THE COURT OF APPEALS

OF MARYLAND

No. 61

September Term, 2017

_____

SHONTEL HUNTER

v.

BROADWAY OVERLOOK

_____

Barbera, C.J.
Greene,
Adkins,
McDonald,
Watts,
Hotten,
Getty,


JJ.
_____

Opinion by Greene, J.
_____

Filed: March 26, 2018

The present case provides us an opportunity to review the 14-day notice requirement contained in Real Property Article § 8-402.1(a)(1)(i) of the Maryland Code (1974, 2015 Repl. Vol.) ("Real Prop."). The issue before us stems from a breach of lease action filed by Respondent Broadway Overlook ("Landlord") against Petitioner Shontel Hunter ("Tenant") in the District Court of Maryland sitting in Baltimore City.

## Factual and Procedural Background

On February 28, 2017, Respondent-Landlord issued a "Notice to Vacate Property" to the Tenant. The notice provided:

> This notice made the 28th day of February, 2017 is to notify the tenant Shontel Hunter that you have (**14**) days to vacate the property 129 N. Bond Street, Baltimore, Maryland 21231 Unit #129NB.
>
> You have until March 15th 2017 to surrender the property back to the Landlord. This notice is in accordance, with the Breach of Lease filing requiring a **14 day** notice to vacate the property.
>
> Winn: Broadway Overlook

(Emphasis in original). Two days later, on March 2, 2017, the Landlord filed a breach of lease complaint ("Complaint") against the Tenant in the District Court of Maryland sitting in Baltimore City. The complaint alleged that "the tenant has threatened bodily harm to leasing staff in front of Baltimore City Police. The Tenant failed to maintain unit in accordance with lease." Under paragraph three of the Complaint, the Landlord checked the box for "14 days written notice" to complete the sentence: "The Landlord has given the Tenant [X] 14 days written notice (because the breach causes a clear and imminent danger of serious harm to others or the property of the landlord), that the Tenant is in violation of the lease, and that the Landlord desires to repossess the premises." The Landlord indicated

that written notice was dated "Feb. 28th 2017" and attached a copy of the written notice to the Complaint.

The District Court set the matter in for a trial on April 14, 2017. Prior to the admission of evidence, the Tenant moved to dismiss the action on the basis that the Landlord had filed its Complaint prematurely. The Tenant also argued that the "Notice to Vacate" did not specify why she needed to vacate, which, she argued, was a violation of section 23(E) of the lease. The District Court denied Ms. Hunter's motion. After receiving evidence, the District Court ruled in favor of the Landlord. The District Court determined that the Landlord had demonstrated a breach of lease with respect to an incident that occurred on January 23, 2017 between the Tenant and the Landlord's staff. The District Court further ruled that the Landlord gave adequate advance notice for the Tenant to vacate.

The Tenant appealed to the Circuit Court for Baltimore City. Sitting as an appellate court, the Circuit Court affirmed the judgment of the District Court. The Circuit Court concluded that Real Prop. § 8-402.1(a)(1)(i)(2)(b) is "devoid of any language that would suggest a waiting period of 14 days is a condition precedent to filing a [breach of lease] complaint[.]" The Circuit Court reasoned that the statute requires a landlord to only provide notice to the tenant that he or she must vacate in 14 days, but does not require the landlord to "exhaust the 14 day period of notice before filing the action." The Circuit Court also held that because the Landlord's Complaint explained the grounds for the relief sought, there was sufficient evidence to affirm the District Court.

On November 3, 2017, we granted *certiorari* to consider two questions:

2

1. "Did the [C]ircuit [C]ourt err in finding that Real Prop. § 8-402.1 allows the landlord to file a complaint for possession without having first exhausted the statutory notice period?"

2. "Did the [C]ircuit [C]ourt err in finding a notice of breach sufficient under Real Prop. § 8-402.1 where it failed to meet the content requirements expressly set forth in the lease?"

456 Md. 252, 173 A.3d 153 (2017). Thereafter, on January 18, 2018, the Landlord filed in this Court a Motion to Dismiss, in which it argued that the matter before the Court was moot. Specifically, the Landlord asserted that because it "has agreed to a reversal of the judgment of the Circuit Court – the sole relief requested by Appellant[,]" the appeal should be dismissed as moot. Thus, we have before us the unusual situation in which both the Tenant and Landlord agree to the final disposition of the case. The Tenant and Landlord agree that the Landlord failed to satisfy the 14-day statutory notice requirement before it filed its breach of lease action in the District Court. The parties also agree that the Landlord did not follow the notice requirements outlined in its lease with Petitioner. Accordingly, the Tenant and Landlord agree that the Circuit Court for Baltimore City erred and that the judgment must be reversed.[1] For reasons we shall explain, we do not dismiss this appeal based on mootness.

**Discussion**

The first issue before us is purely one of statutory construction; therefore, "our goal is to discern and effectuate the intent of the legislature at the time it enacted the statute."

---

[1] In lieu of oral argument and with the permission of the Court, the parties submitted on brief. *See* Maryland Rule 8-523(a)(2) ("In the Court of Appeals a party may not submit an appeal for consideration on brief except with the permission of the Court.").

*Brown v. Hous. Opportunities Comm'n of Montgomery Cnty.*, 350 Md. 570, 575, 714 A.2d 197, 199 (1998). The General Assembly enacted § 8-402.1 with the intent to create a "separate, self-contained District Court procedure by which landlords could recover possession of leased premises based on breaches of covenants other than the payment of rent[.]" *Id.* at 584, 714 A.2d at 203. Real Prop. § 8-402.1(a)(1)(i) provides:

> Where an unexpired lease for a stated term provides that the landlord may repossess the premises prior to the expiration of the stated term if the tenant breaches the lease, the landlord may make complaint in writing to the District Court of the county where the premises is located if:
>
>> 1. The tenant breaches the lease;
>>
>> 2. A. The landlord has given the tenant 30 days' written notice that the tenant is in violation of the lease and the landlord desires to repossess the leased premises; or
>>
>> B. The breach of the lease involves behavior by a tenant or a person who is on the property with the tenant's consent, which demonstrates a clear and imminent danger of the tenant or person doing serious harm to themselves, other tenants, the landlord, the landlord's property or representatives, or any other person on the property and the landlord has given the tenant or person in possession 14 days' written notice that the tenant or person in possession is in violation of the lease and the landlord desires to repossess the leased premises; **and**
>>
>> 3. The tenant or person in actual possession of the premises refuses to comply.

(Emphasis added).

In *Brown*, we interpreted § 8-402.1(b) which provides, in part, that if a "'court determines that the tenant breached the terms of the lease and that the breach was substantial *and warrants an eviction*, it shall give judgment.'" *Id.* at 576, 714 A.2d at 199. (Emphasis in original). We rejected the Circuit Court's conclusion that the statute *required* a court to order an eviction if the court found that there had been a breach of lease and that

4

the breach had been substantial.  *Id.*  In that case, we reasoned that the Circuit Court's

reading of the statute

> would make the phrase 'and warrants an eviction' not only superfluous, but actually antithetical to the legislative intent the[] [Circuit Court] necessarily presume[d]. If the Legislature really meant to *require* an eviction upon the finding of a substantial breach and to leave no discretion in the court, there would have been no need to add that last phrase, which serves only to detract from that intent or, at the very least, make it ambiguous.

*Id.*  (Emphasis in original).

We reject the Circuit Court's rationale in the case *sub judice* for reasons similar to

those expressed in *Brown*.  If the General Assembly's intent had been to permit a landlord

to file a complaint before expiration of the notice period, there would have been no need

to add the language contained in the last statutory prerequisite – "and [t]he tenant or person

in actual possession of the premises refuses to comply[.]"  *See id*.  In other words, if the

Legislature intended for a landlord to file a complaint prior to expiration of the notice

period, the tenant's possession of the property would be immaterial.  The landlord does not

have a viable claim on which to base its complaint of breach of lease until the notice period

has expired *and* the tenant has refused to comply with the notice to vacate.  Furthermore,

"it is not appropriate to find that a defective notice became effective through the simple

passage of time.  The obligation to provide *advance* notice is a forward-looking

requirement intended to allow the tenant to plan for the future."  *Curtis v. U.S. Bank Nat'l

Ass'n*, 427 Md. 526, 539, 50 A.3d 558, 566 (2012) (emphasis added) (holding that a motion

for possession was filed prematurely when it was filed prior to expiration of the statutory

notice period).  We, therefore, hold that the Circuit Court for Baltimore City erred in its

5

construction of Real Prop. § 8-402.1(a)(1)(i)(2)(b) when it concluded that the Landlord was not required to exhaust the 14-day notice requirement of the statute prior to filing a complaint for possession.

To address the second issue, we examine the terms of the lease. Pursuant to Section 23(E) of the lease, the notice was defective for its failure to "state the specific grounds for the termination or eviction action[,]" its failure to inform the Tenant of her right to make a reply, and its failure to inform the Tenant that the Landlord was required to provide, upon the Tenant's request, a reasonable opportunity to examine the Landlord's documents before a court trial concerning the termination of the tenancy or eviction action. Additionally, pursuant to Section 23(K) of the lease, the Landlord's notice of lease termination must also inform the Tenant that if she fails to vacate within the specified time an action may be brought against her and that she may be required to pay court costs and attorney's fees. The Landlord's notice to vacate merely stated that the Tenant had 14 days to vacate the property. The Landlord's Complaint filed in the District Court, in which the Landlord specified grounds for relief, did not and could not cure the defective notice to the Tenant because, procedurally, a complaint for possession of real property filed against the Tenant must be filed *after* the Landlord has given the Tenant the requisite notice. *See Curtis*, 427 Md. at 539, 50 A.3d at 566. We, therefore, hold that the Circuit Court for Baltimore City erred in its conclusion that the complaint for breach of lease was sufficient to cure the Landlord's notice of lease termination where the notice failed to meet the content requirements expressly set forth in the lease agreement.

Finally, Respondent suggests that this case is moot. Respondent posits that because it agrees with the relief requested by Petitioner, this Court can dismiss the case as moot. We disagree. "A case is not moot where it is 'apparent that a party may suffer collateral consequences from a trial court's judgment.'" *Cane v. EZ Rentals*, 450 Md. 597, 611, 149 A.3d 649, 657 (2016) (citation omitted). Were we to dismiss the case on the basis of mootness, the judgment of the Circuit Court of Baltimore City would stand against the Tenant, and we would never reach the merits of her complaint to correct the erroneous interpretations by the District Court and Circuit Court of Real Prop. § 8-402.1(a)(1)(i). Accordingly, we have decided on the merits that the Landlord failed to exhaust the applicable notice period prior to filing its Complaint. The Landlord's notice to the Tenant was deficient, and the complaint for breach of lease was filed prematurely in violation of Real Prop. § 8-402.1(a)(1)(i).

## Conclusion

Real Prop. § 8-402.1(a)(1)(i) requires that before a landlord may file a breach of lease action, the tenant must breach the lease, the notice requirement must expire, and the tenant must refuse to comply with the notice to vacate. We, therefore, hold that the Circuit Court erred in holding that the Landlord did not have to wait for the 14-day notice period to expire before it filed a complaint for breach of lease. In addition, we hold that the notice to vacate was not issued in accordance with the terms of the lease and that it could not be cured by the subsequently filed Complaint.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE DISTRICT COURT OF MARYLAND SITTING IN BALTIMORE CITY. RESPONDENT TO PAY THE COSTS.**